**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

BUILDING TRADES UNITED PENSION
TRUST FUND, et al.,
      Plaintiffs,

v.                                                  Case No. 14-CV-1514

HAHN'S BADGER CARPET SERVICE, INC.,
      Defendant.

---

### ORDER

On December 24, 2014, Doreen Hahn on behalf of Hahn's Badger Carpet Service, Inc. filed a response letter to plaintiffs' complaint. However, it appears that this filing was improper because Hahn is not an attorney. A corporation cannot appear pro se; all corporations must appear by counsel or not at all. Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985). A pleading signed by an officer or director of a corporation is to be treated as an unsigned pleading. Operating Eng'rs Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1023-24 (E.D. Wis. 2001). A case that is brought by a party pro se on behalf of a corporation may be dismissed, for instance, if counsel does not appear after the defect has been raised. Id. at 1024; see Mendenhall v. Goldsmith, 59 F.3d 685, 687 n.1 (7th Cir. 1995) (stating that appeal of corporation appellant that had not appeared by counsel was dismissed); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1333 (2d ed. 1990). Likewise, if an answer or responsive pleading is stricken, default judgment may be entered pursuant to Fed. R. Civ. P. 55. See id. It may not be obvious to a layperson that a non-attorney corporate officer may not appear pro se on a corporation's behalf, so the court should

provide notice that the corporation must appear by counsel and that failure to appear by counsel may lead to default judgment. See Operating Eng'rs Local 139 Health Benefit Fund, 130 F. Supp. 2d at 1024.

Unless Hahn is currently licensed to practice law, Hahn's Badger Carpet Service, Inc. will have to obtain counsel to continue this case. Counsel will then have to correct the unsigned pleading. Correction can be made by the attorney's signature on the response letter in the file, by submission of a duplicate that contains the attorney's signature, Fed. R. Civ. P. 11 advisory committee notes 1993 amendments subdivision (a), or by filing a separate answer filed by counsel on behalf of the corporation.

**THEREFORE, IT IS ORDERED** that within twenty-one days from the date of this order defendant Hahn's Badger Carpet Service, Inc. either (1) confirm in writing with the court that Hahn is a licensed attorney, and have her sign the response letter on its behalf, or (2) appear by counsel and correct the response letter by one of the methods described above.

**FURTHER, IT IS ORDERED** that the time for defendant Hahn's Badger Carpet Service, Inc. to answer the complaint is accordingly extended until twenty-one days from the date of this order; no default may be entered until this time period has expired.

**FINALLY, IT IS ORDERED** that if Hahn's Badger Carpet Service, Inc. fails to comply with this order within twenty-one days, the response letter currently in the file shall automatically be stricken without further order. Defendant Hahn's Badger Carpet Service, Inc.. is put on notice that default judgment may then result.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2014.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge